**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TREVON T. MARSHALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1110-CR-522 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1103-FC-79

**May 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Trevon Marshall appeals his sentence following his conviction for carrying a handgun without a license, as a Class C felony, pursuant to a guilty plea. Marshall presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 17, 2011, Marshall, while standing approximately 400 feet away from a school, possessed two loaded handguns without a license. The State charged him with carrying a handgun without a license, as a Class C felony, and Marshall pleaded guilty as charged. Marshall's plea agreement left sentencing open to the trial court's discretion.

At sentencing, several of Marshall's family members testified to Marshall's good character. At the conclusion of the hearing, the trial court identified a single aggravator, namely, the nature and circumstances of the crime (possession of two loaded weapons). And the court identified two mitigators, namely: Marshall's guilty plea and acceptance of responsibility, and his lack of a criminal history. The trial court imposed the minimum sentence of two years, with one year suspended. This appeal ensued.

## DISCUSSION AND DECISION

Marshall contends that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007)

2

(alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Marshall concedes that the overall length of his sentence is appropriate, given that it is the minimum sentence for a Class C felony. But Marshall contends that the trial court should have suspended the entire sentence in light of his character. In particular, Marshall emphasizes the testimony at sentencing showing that he is "well respected by his family and friends." Brief of Appellant at 12. Indeed, the evidence shows that in

addition to his lack of criminal history, Marshall is enrolled in school and is employed. But, given the nature of the offense, Marshall's good character does not persuade us that his sentence is inappropriate.

In support of his contention that his sentence is inappropriate in light of the nature of the offense, Marshall asserts that

> [c]arrying a handgun without a license is not a minor offense. However, it is a Class A misdemeanor without the element of possessing a handgun within 1000 feet of school property which elevates the offense to a Class C felony. The Court in this matter found the nature and circumstances of the offense to be an aggravating circumstance. However, the legislature has already chosen to elevate the offense by characterizing it as a Class C felony when possessing a handgun near a school without a permit. Thus, in effect, the Court elevated the offense twice based on the circumstances of the case by considering it as an aggravating circumstance.

Brief of Appellant at 13.

However, in a handwritten note describing the "aggravators" on the judgment of conviction form, the trial judge wrote: "nature and circumstances of [the] crime—2 loaded weapons." Appellant's App. at 56 (emphasis original). Thus, the relevant circumstance noted by the trial court was not Marshall's proximity to the school, but his possession of two loaded handguns. Moreover, at sentencing, the trial court noted that the revolver Marshall possessed "had five .357 hollow point cartridges" and "the .32 had two full metal jackets, one in the chamber." Transcript at 16. We cannot say that Marshall's sentence is inappropriate in light of the nature of the offense.

Affirmed.

RILEY, J., and DARDEN, J., concur.

4